208 So.2d 203

Cecil **TINER**

v.

**STATE of Alabama.**

4 Div. 314.

Supreme Court of Alabama.

March 14, 1968.

Cecil Tiner, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

The appellant, Cecil Tiner, filed in the circuit court of Geneva County a petition for a writ of error coram nobis. The present appeal is from the judgment dismissing the petition. We affirm.

The petition states the question presented as follows:

"Was the petitioner denied due process by the use of an involuntary confession against him when the alleged confession had been challenged and admitted without the court determining voluntariness?"

This question was answered in Tiner v. State, 279 Ala. 126, 182 So.2d 859, 865–866, as follows:

"This appellant is not a naive first offender. The record shows that he has been in and out of penitentiaries on several prior occasions for various offenses. The only inference that can be drawn from the record is that Tiner, though drug addicted, is sophisticated in the ways of the criminal world, and the criminal trial processes. So far as disclosed by the record he was never at any time mistreated by any officers having him in charge. We hold that under the totality of the evidence his confessions were voluntary and were properly received in evidence.

"Counsel for appellant also argues that since the predicate of voluntariness was laid in the presence of the jury, the hold-

ing of the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct 1774, 12 L.Ed.2d 908, necessitates a reversal of this judgment.

"The record discloses that in no instance did counsel for appellant request that the hearing on the question of the voluntariness be out of the presence of the jury. There was no evidence tending to contradict the voluntariness of any of the statements received in evidence. Tiner testified as a witness in his own behalf. He in no wise questioned the voluntariness of any of the statements, nor did he deny their correctness other than to deny on the stand that he had shot Sheriff Woodham, this for the reason: 'I just know I wouldn't kill anyone.'

"We hold that under the circumstances as disclosed by the record before us that the doctrine enunciated in Jackson v. Denno, supra, does not require a reversal of this judgment. Sanders v. State, 278 Ala. 453, 179 So.2d 35."

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.